DONNA M. MEZIAS (SBN 111902)
DOROTHY F. KASLOW (SBN 287112)
dmezias@akingump.com
dkaslow@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Telephone:   415-765-9500
Facsimile:   415-765-9501

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. HANKEY, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.<br><br>DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453<br><br>[Declarations of Donna M. Mezias, Kathleen Burris, and G. Edward Anderson, Ph.D., Certification and Notice of Interested Parties, and Civil Cover Sheet filed concurrently]<br><br>(*Orange County Superior Court, Case No. 30-2018-01027364-CU-OE-CXC*)<br><br>Date Action Filed:  October 19, 2018 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support, Home Depot states as follows:

1. On October 19, 2018, the above referenced action was filed and is currently pending against Home Depot in the Superior Court of California, County of Orange, Case No. 30-2018-01027364-CU-OE-CXC. Declaration of Donna M. Mezias ("Mezias Decl.") ¶ 2 & Ex. A. According to the Proof of Service of Summons filed December 18, 2018, the complaint was served on Home Depot on December 18, 2018. *Id.* at ¶ 3 & Ex. B. On January 16, 2019, Home Depot filed its Answer to the Complaint. *Id.* at ¶ 4 & Ex. C. No other process, pleadings, or orders have been filed by or served upon defendant as part of Case No. 30-2018-01027364-CU-OE-CXC. Mezias Decl. ¶ 5. As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon defendant as part of the above action are attached to the Mezias Declaration, filed concurrently in support of this Notice of Removal.

2. Plaintiff Richard W. Hankey is a former hourly employee of Home Depot. He alleges that Home Depot failed to pay hourly and overtime wages, failed to provide accurate wage statements, and failed to pay all wages due at termination. Complaint ¶¶ 26-31; 33-55. He also asserts a derivative claim for unfair competition. Complaint ¶¶ 56-61.

3. Hankey seeks to bring this action on behalf of a class consisting of all persons employed by Home Depot as non-exempt employees in California between October 19, 2014 and the present. Complaint ¶ 10. Hankey also seeks to represent three subclasses: (1) class members employed by Home Depot between October 2017 and the present who received wage statements ("Wage Statement Subclass"); (2) class

1

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

members employed by Home Depot and subject to Home Depot's unfair business practices ("Unfair Business Practice Subclass"); and (3) class members employed by Home Depot between October 2015 and the present who have separated from their employment ("Waiting Time Penalty Subclass"). Complaint ¶ 11.[1]

4. <u>Timeliness.</u>  Hankey filed his complaint in Orange County Superior Court on October 19, 2018. According to the Proof of Service of Summons filed December 18, 2018, the complaint was served on Home Depot on December 18, 2018. *See* Mezias Decl. ¶ 3 & Ex. B. Home Depot's Notice of Removal is therefore timely because it is being filed within 30 days of the date the Proof of Service of Summons indicates the complaint was served. *See* 28 U.S.C. § 1446(b).

5. <u>Jurisdiction.</u>  This is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds $5,000,000 (exclusive of costs and interest). *See* 28 U.S.C. § 1332(d)(2), (d)(6), and (d)(11)(B)(i). These criteria are satisfied here.

6. <u>Class Size.</u>  Hankey seeks to bring this action on behalf of all persons employed by Home Depot as non-exempt employees in California between October 19,

---

[1] Home Depot denies Hankey's allegations and disputes that this action is appropriate for class treatment. However, for purposes of estimating the amount in controversy, the allegations of Hankey's complaint are assumed to be true. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (citations omitted)).

2

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

2014 and the present. Complaint ¶ 10. Since October 19, 2014, Home Depot has employed at least 100,000 persons in non-exempt roles in California. Declaration of G. Edward Anderson ("Anderson Decl."), filed and served concurrently, ¶ 6.[2] Thus, the putative class includes more than 100 individuals. *See also* Complaint ¶ 15 (alleging there are more than 100 putative class members).

7.   Diversity of Citizenship. At all relevant times, there has been diversity of citizenship between the parties to the action. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (internal citations omitted). Minimal diversity exists if any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

8.   The putative class includes citizens of California, including plaintiff Hankey. Throughout his employment with Home Depot, Hankey maintained a California residential address on file with Home Depot and worked at a retail store in Rancho Cordova, California. *See* Declaration of Kathleen Burris ("Burris Decl."), filed concurrently, ¶ 4; Complaint ¶ 6 (plaintiff was a California resident "at all times relevant"). His employment and residence in California conclusively establish California citizenship. *See Bey v. SolarWorld Indus. Am., Inc.*, No. 3:11-cv-1555-SI, 2012 WL 6692203, at *2 (D. Or. Dec. 26, 2012) (residential address provided by employee to employer is prima facie evidence of citizenship); *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 823, 826-27 (D. Nev. 1988) (plaintiff was a California citizen primarily because of continuous California residence over multiple years).

9.   Further, Hankey seeks to represent a class consisting of thousands of current and former California employees. Complaint ¶¶ 10-11; *see also* Anderson Decl. ¶ 6. This putative class logically includes other California citizens as well.

---

[2] A defendant may make the requisite showing by setting forth facts in the notice of removal or by affidavit. *See Lamke v. Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

10. Home Depot is not a citizen of California. "[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business...." 28 U.S.C. § 1332(c)(1). Home Depot is not incorporated in California. As Hankey concedes, Home Depot is organized and incorporated under the laws of Delaware. *See Ottaviano v. Home Depot, Inc. U.S.A.*, 701 F. Supp. 2d 1005, 1007 (N.D. Ill. 2010) (Home Depot "is a Delaware corporation with its principal executive offices located in Atlanta, Georgia"); *Novak v. Home Depot U.S.A., Inc.*, 259 F.R.D. 106, 108 (D.N.J. 2009) (Home Depot "is a Delaware corporation with its principal offices located in Georgia"); Complaint at 1:3-4; Burris Decl. ¶ 2. Nor is California the state in which Home Depot has its principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Rather, Home Depot's principal place of business is Atlanta, Georgia. *Ottaviano*, 701 F. Supp. 2d at 1007; *Novak*, 259 F.R.D. at 108; Burris Decl. ¶ 2.

11. Defendants DOES 1-50 are unidentified. Because there is "no information as to who they are or where they live or their relationship to the action[, it is] proper for the district court to disregard them" for the purposes of removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (internal citations omitted).

12. Accordingly, this action involves citizens of different states: Hankey is a citizen of California (and seeks to represent other California citizens) and Home Depot is a citizen of Delaware and Georgia. Thus, the CAFA minimal diversity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

13. <u>Amount in Controversy</u>. Home Depot avers, for purposes of this Notice only and without conceding liability for the claims alleged by Hankey or that Hankey can properly represent the putative class, that Hankey's claims place more than $5 million in controversy. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v.*

4

*Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (on removal, defendant does not "concede liability for the entire amount" alleged in complaint); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial ... because they are not stipulating to damages suffered"). As the United States Supreme Court has held, a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 549, 554 (2014). Moreover, the Ninth Circuit has instructed that removal is proper if, based on the allegations of the complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" in some circumstances). In determining whether the amount in controversy is met, the Court considers all requested relief, "including ... punitive damages, statutory penalties, and attorney's fees." *Lake v. Delta Air Lines, Inc.*, No. SACV 10-1775 DOC(Ex), 2011 WL 3102486, at *4 (C.D. Cal. July 22, 2011). Under this standard, the amount in controversy is easily met.[3]

14. As part of his Second Cause of Action, Hankey alleges that Home Depot owes penalties pursuant to California Labor Code section 203 for failing to pay all wages due to employees at termination of employment.[4] *See* Complaint ¶¶ 43-49 &

---

[3] Hankey alleges that the aggregate claim, including attorneys' fees, is under the $5 million dollar CAFA threshold. Complaint ¶ 4. However, "a plaintiff seeking to represent a putative class [cannot] evade federal jurisdiction by stipulating that the amount in controversy [falls] below the jurisdictional minimum." *See Rodriguez*, 728 F.3d at 981; *see also Vasquez v. First Student, Inc.*, No. 2:14-CV-06760-ODW(Ex), 2014 U.S. Dist. LEXIS 168295, at *7 (C.D. Cal. Dec. 3, 2014) ("Plaintiff's cap on the amount in controversy should be disregarded and the Court should apply the preponderance of the evidence standard with respect to the amount in controversy.").

[4] Hankey also alleges in his Second Cause of Action that Home Depot failed to timely pay putative class members "for bonuses earned in violation of section 204 as such

5

Prayer for Relief. Under section 203, former employees to whom the employer willfully denied wages may recover penalties equal to their daily pay for a period of up to 30 days. *See* Cal. Lab. Code § 203. Hankey alleges that Home Depot "willfully failed and refused, and continue to willfully fail and refuse" to pay all wages earned and unpaid at the end of employment. Under Hankey's theories, all putative class members whose employment ended since October 19, 2015 (the "Waiting Time Penalty Subclass") are entitled to recover waiting time penalties equal to 30 days of wages.[5] *See, e.g., Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d at 1205-06 (plaintiff placed maximum penalty in controversy by alleging putative class members are entitled to penalty "up to" statutory maximum); *Schuyler v. Morton's of Chicago, Inc.*, No. CV 10-06762 ODW (JCGx), 2011 WL 280993, at *5 (C.D. Cal. Jan. 25, 2011) (appropriate to assume 100 percent violation rate for full 30 days of waiting time penalties where complaint alleges multiple wage violations that were never paid); *Marentes v. Key Energy Servs. Cal., Inc.*, No. 1:13-cv-02067-LJO-JLT, 2014 WL 814652, at *9 (E.D. Cal. Feb. 28, 2014) (amount in controversy included 30-day penalty for each former employee where plaintiff alleged consistent failure to pay wages); *Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW(JPRx), 2015 WL 93335, at *10 (C.D. Cal. Jan. 7, 2015) (crediting assumption of maximum penalties).

15. The putative "Waiting Time Penalty Subclass" includes more than 10,000 individuals who separated from employment with Home Depot between October 19, 2015 and November 4, 2018. Anderson Decl. ¶ 8. The individuals in this putative subclass earned an average daily wage of $78.08. *Id.* Thus, for each sub-class member,

---

payments were not made during the course of the regular pay schedule and were made more than seven calendar days following the close of the payroll period." While this allegation places an additional amount in controversy under Hankey's Second Cause of Action, Home Depot does not address it in these removal papers because the CAFA $5 million dollar threshold is easily met without considering it.

[5] A three-year statute of limitations applies to claims for penalties under section 203. *See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395-96 (2010).

1  plaintiff is seeking average penalties of approximately $2,342 (30 × $78.08 =
2  $2,342.40). This claim alone therefore places more than $23.4 million in controversy
3  (10,000 × $2,342.40 = $23,424,000). *See Korn*, 536 F. Supp. 2d at 1205-06. Thus, the
4  waiting time penalties claim satisfies the amount in controversy requirement all by
5  itself. *See, e.g., Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM (JMA), 2008
6  WL 4104475, at *1 (S.D. Cal. Sept. 2, 2008) (amount in controversy satisfied under
7  preponderance of evidence standard where estimated class size multiplied by statutory
8  penalty for alleged violations exceeded $5 million).

9        16. Hankey also seeks substantial additional relief in his other causes of action.
10 In his First Cause of Action, Hankey alleges that Home Depot failed to pay regular and
11 overtime wages for work performed before and after putative class members' scheduled
12 shifts due to Home Depot's alleged "policy" of unlawfully rounding time "to only
13 reflect … scheduled start and end times" and failed to accurately calculate bonuses into
14 putative class members' regular rates of pay for overtime purposes, "resulting in
15 inaccurate payment of overtime." Complaint ¶¶ 26-27, 39-40. He seeks unpaid regular
16 and overtime wages on behalf of each putative class member. *See* Complaint ¶ 42;
17 Prayer for Relief. Since October 19, 2014, non-exempt employees working at Home
18 Depot retail stores in California were paid an average of approximately $12.39 per hour.
19 Anderson Decl. ¶ 7. Therefore, if the claim seeks only one hour of unpaid time for each
20 of the more than 100,000 class members, this places over $1.2 million in controversy
21 (100,000 × $12.39 = $1,239,000), a conservative estimate given Hankey's claim that
22 these policies and practices occurred "at all relevant times." Complaint ¶¶ 39-40; *see,*
23 *e.g., Reginald Lockhart v. Columbia Sportswear Co.*, No. 5:15-cv-01534-ODW-PLA,
24 2015 WL 5568610, at *3 (C.D. Cal. Sept. 22, 2015) (where plaintiff fails to quantify the
25 alleged unpaid overtime, "assuming only one hour of overtime per week is reasonable");
26 *Oda*, 2015 WL 93335, at *4-5 (reasonable to assume one hour of unpaid overtime per
27 week where plaintiffs asserted defendant "sometimes" failed to pay overtime); *Jasso v.*
28

*Money Mart Exp., Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) ("Given the allegations of a 'uniform policy and scheme' ... one [hour of unpaid overtime] per week ... is a sensible reading of the alleged amount in controversy") (citing cases); *Wilson v. Best Buy Co.*, No. 2:10-cv-3136-GEB-KJN, 2011 WL 445848, at *2 (E.D. Cal. Feb. 8, 2011) (plaintiff's generic overtime allegations placed one hour of overtime per week in controversy for each class member).

17. In his Second Cause of Action, Hankey alleges that Home Depot violated section 226(a) of the California Labor Code by failing to provide accurate wage statements, and seeks civil penalties under California Labor Code section 226(e). Complaint, ¶¶ 50-55 & Prayer for Relief. Pursuant to section 226(e), a plaintiff may seek penalties of $50 for the initial pay period in which a violation of section 226(a) allegedly occurred, and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

18. More than 50,000 individuals employed by Home Depot in non-exempt roles in California between October 19, 2017 (the start of the one-year limitations period) and November 4, 2018 worked at least two pay periods. Anderson Decl. ¶ 9. Given plaintiff's allegation that Home Depot engaged in a practice of failing to provide proper wage statements because they failed to accurately account for and record all hours worked, plaintiff's claim for section 226(e) penalties places at least $7,500,000 in controversy.[6] Complaint ¶¶ 28, 53; *Oda*, 2015 WL 93335, at *4 (assuming maximum wage statement penalties per putative class member); *Molina v. Pacer Cartage, Inc.*, 47 F.Supp.3d 1061, 1069 (S.D. Cal. Sept. 17, 2014) (same); *Byrd v. Mosonite Corp.*, No. EDCV-16-36 JGB(KKx), 2016 U.S. Dist. LEXIS 60078, at *23-24 (C.D. Cal. May 5, 2016) (crediting assumed 100 percent violation rate); *Franke v. Anderson*

---

[6] Initial penalties of $50 for 50,000 putative class members would total $2,500,000 ($50 x 50,000). $100 penalties for the subsequent pay period would add $5,000,000 ($100 x 50,000), for total penalties under section 226(e) of at least $7,500,000.

8

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332(d)(2), 1441, 1446, AND 1453

*Merchandisers LLC*, No. CV-17-3241 DSF(AFMx), 2017 U.S. Dist. LEXIS 119087, *12 (C.D. Cal., July 28, 2017) (same).

19. In sum, even by conservative estimates, the $5,000,000 CAFA threshold is easily met. *See, e.g., Deehan v. Amerigas Partners, L.P.*, 2008 WL 4104475, at *1 (amount in controversy satisfied under preponderance of evidence standard where estimated class size multiplied by statutory penalty for alleged violations exceeded $5 million).

20. Hankey also seeks attorney's fees for his claims (Complaint ¶¶ 42, 61 & Prayer for Relief), and these fees are part of the amount in controversy as well. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Ninth Circuit has established 25 percent of total potential damages as a benchmark award for attorney's fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-cv-00222-JSC, 2014 WL 2199645, at *6 (N.D. Cal. May 27, 2014) (accounting for attorney's fees by adding 25 percent of potential damages and penalties to amount in controversy); *Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014) (same); *Rodriguez v. Cleansource, Inc.*, No. 14-CV-0789-L(DHB), 2014 WL 3818304, at *4-5 (S.D. Cal. Aug. 4, 2014) (denying motion to remand where defendant showed potential damages of $4.2 million because attorneys' fees of 25 percent brought the total amount in controversy to $5.3 million). Attorneys' fees of 25 percent place an additional $7.8 million in controversy.

21. In sum, the allegations in Hankey's complaint seek damages, penalties, and other relief in excess of $5 million. Thus, the amount in controversy requirement is satisfied.

22. Venue. The United States District Court for the Central District of California is the judicial district "embracing the place" where this action was filed by plaintiff and is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

23.     There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

WHEREFORE, Home Depot requests that the above action now pending in the Superior Court of California for Orange County be removed to this Court.  In the event the Court has any reason to question whether removal is proper, Home Depot requests the opportunity to provide briefing on the issue.

Respectfully submitted,

Dated: January 17, 2019          AKIN GUMP STRAUSS HAUER & FELD LLP

By _____
Donna M. Mezias
Attorneys for defendant Home Depot U.S.A., Inc.