UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HANKEY, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT USA, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-cv-0413-JAM-CKD<br><br><br>ORDER |

Before the court are two discovery motions: (1) plaintiff's motion to compel the production of documents, and (2) plaintiff's motion to compel deposition testimony from a corporate representative under Federal Rule of Civil Procedure Rule 30(b)(6). (ECF Nos. 31-32.) Having considered the parties' joint statements and related documents, the court will deny plaintiff's motion to compel the production of documents without prejudice, and grant in part and deny in part plaintiff's motion to compel deposition testimony from defendant's corporate representative.

**I.   BACKGROUND**

On October 19, 2018, Richard Hankey filed a wage and hour class action against Home Depot in the Superior Court of California, County of Orange, asserting four causes of action: (1) failure to pay wages and overtime under California Labor Code sections 510 and 1197; (2) failure

1

to timely pay wages upon termination; (3) failure to provide accurate wage statements under California Labor Code section 226; and (4) violations of Business and Professions Code sections 17200, et seq. (ECF No. 1.).

Defendant removed the action to the United States District Court for the Central District of California. (Id.) The parties agreed to transfer the case to the United States District Court for the Eastern District of California because it was related to an action pending here. (ECF No. 16.) The court entered an initial pretrial scheduling order establishing various discovery deadlines. (ECF No. 21.) The parties also filed a Joint Report pursuant to Federal Rule of Civil Procedure 26(f) whereby they agreed "that discovery should be conducted in phases, with phase one focusing on issues relevant to the merits of plaintiff's individual claims and class certification, deferring discovery pertaining to the merits of the class claims and damages, if necessary, until after certification." (ECF No. 10 at 5.) The case has not yet been certified.

Currently the parties are at an impasse regarding two discovery matters: (1) whether defendant is required to produce the wage statements issued to class members within the past four years; [1] and (2) whether certain topics identified in plaintiff's Rule 30(b)(6) deposition notice to defendant are proper. The court considers the parties' respective arguments below.

**II.    DISCUSSION**

Plaintiff has filed two discovery motions: (1) a motion to compel the production of documents, and (2) a motion to compel certain deposition testimony. The court will address each motion separately.

**1.    Motion to Compel the Production of Documents**

In the motion to compel documents, plaintiff asks the court to order defendant to produce all wage statements issued to class members within the past four years:

/////

/////

---

[1] Plaintiff also moved to compel the production of job descriptions of all class members, but defendant indicates in the Joint Statement that it will agree to produce those. (ECF No. 34 at 17:8-10.)

1
2
3
4

> REQUEST FOR DOCUMENTS NO. 2: All wage statements which YOU provided to each of YOUR CALIFORNIA CLASS MEMBER EMPLOYEES during the RELEVANT TIME PERIOD. (PROPOUNDING PARTY is willing to accept an agreed upon sampling with private information redacted with some neutral number for identification such as an employee number).

Defendant objects to this request, arguing that the wage statements are irrelevant and that their production would be unduly burdensome.

### a.     Relevance

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Under the evidentiary rules, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The relevance standard is "applied more liberally in discovery than it is at trial."  See N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc., 325 F.R.D. 36, 47 (E.D.N.Y. 2018).  Ultimately, courts have broad discretion in determining relevancy for discovery purposes.  Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005).

When deciding a motion to compel, the moving party bears the initial burden of establishing that the requested discovery is relevant.  Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  If met, then the burden shifts to the opposing party to explain why the discovery should not be allowed and to support its objections with evidence.  Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

Here, plaintiff argues that the wage statements are relevant to his claim under California Labor Code section 226(a) for failing to provide accurate wage statements to workers.  (ECF No. 34 at 9.)  Section 226(a) requires employers to provide employees with accurate itemized wage statements showing certain information, such as the total hours worked, the hourly rate, and the applicable pay period.  Cal. Lab. Code § 226.  Plaintiff alleges that defendant issued wage statements that failed to include some of the information required by section 226(a), such as an accurate statement of total hours worked.  (ECF No. 1-2 ¶¶ 28, 52-53.)

1        Defendant responds that the wage statements are irrelevant because plaintiff does not
2    allege an "independent" violation of section 226(a), such as the failure to include hourly rates.
3    Rather, plaintiff's section 226(a) claim is "derivative" of his other claim for the failure to pay
4    wages and overtime under Labor Code sections 510 and 1197 because both claims arise from
5    allegations that defendant used an unlawful "rounding" payroll policy—i.e., defendant paid
6    employees by rounding their hours to their scheduled shift times, rather than paying them for their
7    actual start and stop times of work. This "rounding" policy allegedly resulted in an
8    underpayment of wages and, for purposes of plaintiff's section 226(a) claim, inaccurate wage
9    statements. Because plaintiff's section 226(a) claim is based on this "rounding" policy, defendant
10   reasons that the only relevant question is whether the rounding policy was lawful. And because
11   the wage statements will not help answer that question, they are irrelevant.[2]

12       Defendant's argument is unpersuasive. The complaint alleges that defendant issued wage
13   statements that failed to include "all or some" of the items required by section 226 and that
14   "failed to accurately account for all hours worked" by employees. (ECF No. 1-2 ¶¶ 28, 52-53.)
15   The contents of the wage statements should help prove or disprove these allegations.
16   Furthermore, if the rounding policy is found to be unlawful, then plaintiff will need to establish
17   the hours printed on the wage statements to prove that they are inaccurate. Thus, the wage
18   statements are relevant.

19       **b.    Undue burden**

20       But "relevancy alone is no longer sufficient to obtain discovery." Youngevity Int'l, Corp.
21   v. Smith, No. 16-CV-704, 2017 WL 6730078, at *5 (S.D. Cal. Dec. 29, 2017). The discovery
22   must also be "proportional to the needs of the case, considering the importance of the issues at

---

[2] Defendant claims it has already provided plaintiff with the discovery necessary to evaluate the rounding policy, including: (1) documents describing Home Depot's rounding practice and Success Sharing bonus payments; (2) timekeeping data for a sample of the putative class; (3) payroll data for a sample of the putative class; and (4) testimony from a knowledgeable corporate representative to explain the application of the rounding practice and overtime related to Success Sharing bonus payments. Defendant also says it has agreed to provide two witnesses to testify regarding its rounding policy and overtime calculations.

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendant argues that the burden and expense of producing the wage statements outweigh their benefit. Although plaintiff has agreed to accept wage statements for a ten-percent sample of the putative class, defendant claims that it would still be required to produce approximately 649,500 statements. (ECF No. 38 ¶ 6.) Collecting these statements would require between 27,800 and 41,700 person-hours, which would be infeasible. (ECF No. 37 ¶ 3.) Thus, to produce this volume of statements, defendant claims it would need to develop a computer programming tool to help automate the collection process. (Id.)

But even with a computer program, producing the wage statements would be onerous. The statements contain sensitive information, such as employee names and bank account information. They would therefore need to be redacted to protect employees' privacy rights. Defendant claims that this redaction process would take approximately 5,400 person-hours. (ECF No. 36 ¶ 2.) Additionally, plaintiff seeks wage statements for the same ten-percent sample of employees for which other data has already been produced. Defendant would therefore be required to create and apply a unique identifier to each wage statement, to allow plaintiff to match the statement with the other records that have been produced for that employee. Defendant estimates that applying this identifier would also take approximately 5,400 hours. (ECF No. 36 ¶ 2.)

Defendant submits substantial evidence to support its claim that producing the wage statements would be highly burdensome. Plaintiff does not attempt to explain why the benefit of the wage statements justifies the burden and expense of production. Most importantly, plaintiff does not articulate how the wage statements would assist in establishing commonality, typicality, or adequacy under Rule 23. At this stage of the litigation, plaintiff's request for class-wide wage statements appears disproportional to the current needs of the case, given the burden and expense of production. This conclusion is supported by the parties' apparent agreement to limit pre-

certification discovery to issues concerning plaintiff's individual claims and certification requirements.[3] (ECF No. 10 at 5.)

Thus, plaintiff's motion to compel class-wide wage statements is denied without prejudice.[4] Plaintiff may renew the request for wage statements in the event this action is certified under Rule 23.[5]

**2.      Motion to Compel Deposition Testimony**

In its motion to compel deposition testimony, plaintiff asks the court to compel testimony from defendant's corporate representative(s) regarding topics 3, 4, 8, 11, and 12 of the Rule 30(b)(6) deposition noticed served on defendant. (ECF No. 35 at 2:15-18.) For the reasons below, plaintiff's motion is granted in part and denied in part.

*a.      Topic 3: Manager training for supervising employees*

In topic 3, plaintiff seeks testimony concerning how Home Depot's managers are trained to supervise employees:

> HOME DEPOT's managerial and/or other supervisorial training pertaining to the supervision of YOUR CALIFORNIA NON-EXEMPT EMPLOYEES duties during the RELEVANT TIME PERIOD.

/////

---

[3] The parties' Rule 26(f) Joint Report provides: "The parties agree that discovery should be conducted in phases, with phase one focusing on issues relevant to the merits of plaintiff's individual claims and class certification, deferring discovery pertaining to the merits of the class claims and damages, if necessary, until after certification." (ECF No. 10 at 5.)

[4] Defendant also argues that the time period of plaintiff's request is overbroad: plaintiff is seeking wage statements issued over a six-year period, but the statute of limitations applicable to a section 226 claim is one year. Cal. Code Civ. P. § 340(a). Thus, defendant contends that it should not be required to produce any statements issued outside of the limitations period. Even under the restricted period, however, defendant contends that it would still be required to produce approximately 289,800 wage statements, which is unduly burdensome. Because the court is denying plaintiff's request for wage statements at this time, it does not decide whether plaintiff's request is overbroad.

[5] The parties are encouraged to use the court's informal telephonic conferences to resolve discovery disputes. Information about the informal discovery procedures can be found on the court's website and at the following link: http://www.caed.uscourts.gov/caednew/assets/File/Judge%20Delaney%20Telephonic%20Discovery%20Conferences_082018.pdf.

6

Plaintiff argues that this testimony is relevant to plaintiff's "off-the-clock allegations that Plaintiff and Class Members performed work prior to the start of their schedules and also at the end of their scheduled shifts." (ECF No. 35 at 8:8-14.) Plaintiff also argues that topic 3 "goes to the class certification requirements of Rule 23 of the Federal Rules of Civil Procedure, which requires Plaintiff to prove commonality, typicality, and adequacy." (Id.) Defendant argues that such testimony has no relevance to the payroll practices plaintiff challenges in the complaint.

The court agrees with defendant. Plaintiff does not explain the connection between managerial training and either the wage claims or the certification requirements of Rule 23. As such, plaintiff has not satisfied his initial burden to show that the requested testimony is relevant. Plaintiff's motion to compel testimony as to topic 3 is denied.

b.     *Topic 4: Job duties performed by the employees*

Topic 4 seeks testimony concerning the job duties of the putative class members:

> The job duties performed by HOME DEPOT's CALIFORNIA NON-EXEMPT EMPLOYEES during the RELEVANT TIME PERIOD.

Again, plaintiff argues that such testimony is relevant to plaintiff's "off-the-clock allegations that Plaintiff and Class Members performed work prior to the start of their schedules and also at the end of their scheduled shifts." (ECF No. 35 at 11:22-28.) Plaintiff also argues that topic 4 "goes to the class certification requirements of Rule 23 of the Federal Rules of Civil Procedure, which requires Plaintiff to prove commonality, typicality, and adequacy." (Id.)

Defendant responds that testimony regarding job duties is irrelevant, and that producing a witness to testify as to more than 225 job descriptions across the putative class is "untenable." (Id. at 12:4-10.) Defendant notes that it has agreed to produce a witness to testify as to the duties of a sales associate, which was plaintiff's position. Defendant also states that it will produce approximately thirty job descriptions for non-exempt retail store employees, and that these documents set forth the employees' job duties in detail.

The job duties of the putative class members appear to be tethered to allegations in the complaint. The complaint alleges that the Industrial Welfare Commission ("IWC") occupational wage orders require defendant to pay its employees at least minimum wage for each hour worked,

7

and that "time spent carrying out assigned duties shall be counted as hours worked." (ECF No. 1-2 at 9:13-18.). Thus, the scope of an employee's assigned duties appears to be relevant to plaintiff's claims. But because this case has not yet been certified, ordering defendant to produce a witness(s) to testify as to the job duties of 225 positions appears to be disproportional to the case's current needs. This is especially true given that plaintiff does not explain how the testimony outside of what defendant has agreed to provide will help establish Rule 23's certification requirements. Thus, plaintiff motion to compel testimony as to topic 4 is denied without prejudice. Plaintiff may renew the request to compel testimony as to topic 4 if this action is certified.

   *c.*  *Topic 8: Policies and practices re: wage statements*

Topic 8 seeks testimony concerning defendant's policies relating to wage statements:

> HOME DEPOT's policies, practices, and procedures relating to wage statements/paystubs for its CALIFORNIA NON-EXEMPT EMPLOYEES during the RELEVANT TIME PERIOD.

Plaintiff argues that such testimony is relevant to the claims for inaccurate wage statements. (ECF No. 35 at 14:17-25.) Defendant objects to the extent that topic 8 seeks "testimony as to practices for ***all*** types wage statements / pay stubs, thereby encompassing various types of compensation and pay practices that have nothing to do with the two specific payroll practices at issue." (Id. at 15:8-10) (emphasis original). Defendant has agreed to produce a witness to testify about the wage statement and paystub policies attacked in the complaint (i.e., the rounding policy and Success Sharing bonus policy), but it objects to producing a witness to testify about all policies and practices relating to wage statements.

Defendant's objection is valid. Defendant should not be required to produce a witness to testify about wage statement and paystub policies that are not at issue in this action, especially considering that plaintiff has not explained how testimony regarding policies other than the rounding policy and Success Sharing bonus policy might be relevant. See Harris v. Best Buy Stores, L.P., No. 15-cv-00657, 2015 WL 6085307, at *2-3 (N.D. Cal. Oct. 16, 2015). Plaintiff's motion to compel testimony as to topic 8 is denied.

/////

        *d.*       *Topic 11: Plaintiff's duties, hours worked, and compensation*

Topic 11 seeks testimony concerning plaintiff's individual activities and compensation:

> Plaintiff Hankey's activities, duties, hours worked and compensation received during the RELEVANT TIME PERIOD.

Plaintiff argues that this testimony concerns "basic information that Plaintiff is entitled to." (ECF No. 35 at 16:15-16.) Plaintiff also argues that the testimony will assist with proving the commonality, typicality, and adequacy requirements of Rule 23. (Id. at 17:19-21.) Defendant responds that it has already produced plaintiff's job description, personnel file, wage statements, payroll records, and timekeeping data. Defendant also agreed to produce a witness to testify regarding the general duties of a sales associate.

Plaintiff is entitled to depose defendant's representative on the items identified in topic 11. While the documents produced may provide the information that plaintiff is seeking on a detailed level, Rule 30(b)(6) permits plaintiff to depose a representative regarding this relevant information. Providing a witness to testify regarding the general duties of a sales associate is not enough. Defendant must also produce a witness to testify regarding the other items in topic 11. Plaintiff's motion to compel testimony as to topic 11 is granted.

        *e.*       *Topic 12: Defendant's record keeping policies*

Topic 11 seeks testimony concerning defendant's recordkeeping policies:

> HOME DEPOT's record keeping policies, practices, and procedures as related to its CALIFORNIA NON-EXEMPT EMPLOYEES, during the RELEVANT TIME PERIOD.

Plaintiff argues that this testimony is relevant to the allegations that defendant failed to keep accurate payroll records pursuant to California Labor Code section 1174.5. (ECF No. 35 at 19:22-26.) Plaintiff also argues that this testimony will assist with proving the commonality, typicality, and adequacy requirements of Rule 23. (Id.) Defendant has agreed to produce a witness to testify regarding recordkeeping policies as they relate to the Success Sharing bonus and rounding claims. But it objects to "the extent plaintiff seeks a witness to testify about defendant's record keeping practices as they relate to claims not pled in the complaint." (ECF No. 35 at 20:2-9.)

The court agrees with defendant. To the extent the complaint challenges defendant's record keeping policies, it does so with respect to the Success Sharing bonus and rounding claims. Plaintiff has not made a claim directly under Labor Code § 1174.5, and the court questions this section's applicability to this suit in any event. See Dawson v. HITCO Carbon Composites, Inc., No. CV16-7337, 2017 WL 7806618, at *7 (C.D. Cal. Jan. 20, 2017) (holding that section 1174 is for the benefit of the Labor Commission and does not provide a private cause of action). Moreover, plaintiff fails to explain how recordkeeping testimony outside of what defendant has agreed to provide will help establish the certification requirements of Rule 23. Plaintiff's motion to compel testimony as to topic 12 is denied.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel documents (ECF No. 32) is DENIED without prejudice. Plaintiff may renew the request for wage statements if this action is certified as a class action.

2. Plaintiff's motion to compel deposition testimony (ECF No. 31) is granted in part and denied in part, as follows:

    a. Plaintiff's request for an order compelling testimony concerning topic 3 is DENIED;

    b. Plaintiff's request for an order compelling testimony concerning topic 4 is DENIED without prejudice. Plaintiff may renew the request to compel testimony as to topic 4 if this action is certified as a class action;

    c. Plaintiff's request for an order compelling testimony concerning topic 8 is DENIED;

    d. Plaintiff's request for an order compelling testimony concerning topic 11 is GRANTED; and

    e. Plaintiff's request for an order compelling testimony concerning topic 12 is DENIED.

/////

Dated: June 8, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.0413.mtc